**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **MICHAEL FOSTER,** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | **Case No.:  3:22-cv-221** |
| | * | |
| *v.* | * | **JURY TRIAL DEMANDED** |
| | * | |
| **CASEY INDUSTRIAL, INC.,** | * | |
| **DARRELL EADS, JR.,** | * | |
| **PROGRESSIVE SPECIALTY** | * | |
| **INSURANCE COMPANY, and** | * | |
| **Fictitious Defendants "A," "B," and** | * | |
| **"C," whether singular or plural, those** | * | |
| **other persons, corporations, firms or** | * | |
| **other entities whose wrongful conduct** | * | |
| **caused or contributed to cause the** | * | |
| **injuries and damages to Plaintiff, all of** | * | |
| **whose true and correct names are** | * | |
| **unknown to Plaintiff at this time, but** | * | |
| **will be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

---

## COMPLAINT

---

This is an action by Plaintiff, Michael Foster, (herein after referred to as "Plaintiff") against Defendants, Casey Industrial, Inc. (herein after referred to as "Defendant Casey"), Darrell Eads, Jr. (herein after referred to as "Defendant Eads"), and Progressive Specialty Insurance Company (herein after referred to as "Defendant Progressive") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about September 1, 2021.

## <u>PARTIES, JURISDICTION, VENUE</u>

1.

The Plaintiff was a resident and citizen of Lawrence County, Alabama, at all times material to the issues in this case.

2.

Defendant Casey is an industrial supply company incorporated under the laws of the State of Oregon, maintains its principal place of business in the State of Colorado, at 890 W. Cherry Street, Louisville, Colorado 80027 and is a citizen of the State of Oregon and Colorado by having been incorporated in the State of Oregon and maintaining it's principal place of business in the State of Colorado. Upon information and belief, Defendant Casey maintains a regional office in Henrico County, Virginia.

3.

Defendant Eads is a resident and citizen of Wythe County, Virginia and an employee and/or agent of Defendant Casey. Defendant Eads was doing business for said Defendant Casey at all times material to the issues in this case and at the time of the filing of this Complaint.

4.

Defendant Progressive is an insurance company incorporated in the State of Ohio and registered to do business in the Commonwealth of Virginia, at all times material to the issues in this case.

5.

This Court has jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

2

6.

Defendant Casey, Defendant Eads, and Defendant Progressive, are subject to the jurisdiction of this Court and venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 as Defendant Casey maintains a regional office and registered agent in Henrico County, Virginia at the time of the occurrence of the events of this complaint.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

7.

On September 1, 2021, Defendant Eads, individually, was operating a 2001 Chevrolet 2500 truck in a southerly manner along and upon CR-400 and the intersection of AL-20, in Lawrence County, Alabama.

7.

At said time and place, Michael Foster was operating a 1990 GMC C1500, in an easterly manner, along and upon UAL-20 near the intersection of CR-400.

8.

At said time and place, Defendant Casey's agent and/or employee, Defendant Eads, failed to yield to the stop sign at said intersection.

9.

At said time and place, Defendant Casey's agent and/or employee, Defendant Eads, failure to stop at the "Stop" sign caused his vehicle to collide with the vehicle being operated by the Plaintiff, Michael Foster.

10.

At the time of the motor vehicle collision that is the subject of this case, Defendant Eads was acting within the line and scope of his employment and/or agency as the employee and/or agent of Defendant Casey.

11.

Plaintiff holds an uninsured/under insured motorists policy with Defendant Progressive.

## COUNT ONE
**(Based On Negligence)**

12.

The Plaintiff in this Count is Michael Foster**.** The Defendants in this Count are Defendant Casey and Defendant Eads, individually.

13.

Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 10 hereinabove as fully and completely as if the same were set forth verbatim herein.

14.

At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Casey, Defendant Eads operated vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Michael Foster was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause the injury of Michael Foster.

15.

In causing said vehicle to crash into the vehicle in which the Plaintiff was operating, Defendant Casey's agent and/or employee, Defendant Eads:

(a).      Negligently failed to exercise ordinary care.

(b).      Negligently failed to keep a proper look out.

(c).      Negligently failed to maintain proper control of said vehicle.

(d).      Negligently failed to yield the motor vehicle in which Plaintiff was operating.

(e)       Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

15.

The Plaintiff avers that the acts and conduct of Defendant Casey's agent and/or employee, Defendant Eads, on said occasion, constitutes common law negligence.

16.

As the proximate consequence of said negligence, Defendant Casey's agent and/or employee, Defendant Eads, in colliding with the vehicle in which Michael Foster was operating, the Plaintiff was caused to suffer injury.

17.

The Plaintiff avers that said negligent acts and conduct of the said Defendant Eads on said occasion are imputed to Defendant Casey, and Defendant Casey and Defendant Eads, are jointly and severally liable for the injury of the plaintiff, as a result of said negligent acts and conduct of the said Defendant Eads.

WHEREFORE, Plaintiff demand judgment against the Defendants for all damages to which they are entitled in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT TWO
### (Based On Recklessness and Wantonness)

18.

The Plaintiff in this Count is Michael Foster. The Defendants in this Count are Defendant Casey and Defendant Eads, individually.

19.

Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 17 hereinabove as fully and completely as if the same were set forth verbatim herein.

20.

At said time and place, Defendant Eads, acting on behalf of Defendant Casey, acted with a conscious disregard and/or reckless indifference of the rights of the Plaintiff, exhibited a total indifference and an utter disregard of prudence, and was aware, from his knowledge of existing circumstances and conditions that his conduct would probably cause injury when he:

(a).     Knowing the consequences of a serious collision operated his vehicle without a properly adhering to traffic signs;

(b).     Recklessly and Wantonly failed to exercise ordinary care.

(c).     Recklessly and Wantonly failed to keep a proper look out.

(d).     Recklessly and Wantonly failed to maintain proper control of said vehicle.

(e).     Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was operating.

(f).     Caused a collision of his vehicle and the vehicle in which the Plaintiff was operating.

6

(g).     Otherwise acted in reckless and wanton disregard of the rights and safety of

Plaintiff and others traveling on said public highway at said time and place.

21.

As the proximate consequence of said recklessness and wantonness of Defendant Casey's

agent and/or employee, Defendant Eads, in (a) operating his vehicle without a properly adhering

to traffic signs; and (b) in colliding with the vehicle in which the Plaintiff was injured.

24.

The Plaintiff avers that said reckless and wanton acts and conduct of Defendant Eads,

on said occasion, are imputed to Defendant Casey, and Defendant Casey and Defendant Eads,

are jointly and severally liable to for the injury of the plaintiff, as a results of said reckless and

wanton acts and conduct of the said Defendant Eads.

WHEREFORE, the Plaintiff demands judgment against the Defendants for all damages

to which they are entitled , including punitive damages, in such an amount as a jury may

award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT THREE
### (Against Underinsured Motorist Coverage Company)

25.

The Plaintiff in this Count is Michael Foster. The Defendant in this Count is Defendant

Progressive.

26.

Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all

of the averments of Paragraphs 1 through 24 hereinabove as fully and completely as if the same

were set forth verbatim herein.

27.

Defendant Casey's agent and/or employee, Defendant Eads, who is the person at fault in the above-referenced collision, had an insurance policy in place at the time of the collision through Northern Neck Insurance Company.

28.

At the time of the motor vehicle collision that forms the basis of this Complaint, Plaintiff had an insurance policy with Defendant Progressive that provided Uninsured/Under Insured Motorist coverage.

29.

The above-referenced policy with Northern Neck Insurance Company did not, and does not, provide adequate coverage for the claims and damages sustained by Plaintiff.

WHEREFORE, the Plaintiff demands judgment against Defendant Progressive for all compensatory and contractual damages, court costs and attorney's fees to which Plaintiff is entitled.

## COUNT FOUR
## (Against Fictitious Defendants)

30.

The Plaintiff in this Count is Michael Foster. The Defendants in this Count are Fictitious Defendants "A", "B" and "C".

31.

Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 29 hereinabove as fully and completely as if the same were set forth verbatim herein.

32.

Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to the injury of the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, the plaintiff demands judgment against Fictitious Defendants "A", "B" and "C" or all damages to which they are entitled in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

**JURY DEMANDED AS TO ALL COUNTS OF THE COMPLAINT**

This April 13, 2022.

Respectfully submitted,

/S/ BRADLEY W. HINES
Bradley W. Hines, Esq. (VSB No. 82218)
SLOCUMB LAW FIRM, LLC
1225 I Street NW
Suite 550A
Washington, D.C. 20005
Tel: (202) 737-4141
Fax: (202) 609-9954
bhines@slocumblaw.com

*Counsel for Plaintiff*