IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL FOSTER, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:22-cv-221–HEH
)
CASEY INDUSTRIAL, INC., *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION**
**(Granting Plaintiff's Motion to Transfer and**
**Denying Motion to Dismiss Without Prejudice)**

This matter is before the Court on Plaintiff Michael Foster's ("Plaintiff") Motion to Transfer, or in the alternative, Motion to Dismiss Without Prejudice (the "Motion"), filed on September 27, 2022. (Mot., ECF No. 27.) Plaintiff seeks the transfer of this case to the Northern District of Alabama pursuant to 28 U.S.C. § 1404. (Pl.'s Mem. in Supp. at 1, ECF No. 29.) In the alternative, Plaintiff seeks to dismiss this case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (*Id.*) Defendant Darrell Eads, Jr. ("Eads") opposes Plaintiff's Motion to Transfer, however, Eads does not oppose the voluntary dismissal of this case. (Eads' Mem. in Opp'n at 1, ECF No. 28.) Defendant Casey Industrial, Inc. ("Casey") opposes Plaintiff's Motion to Dismiss Without Prejudice but consents to the Motion to Transfer. (Casey's Mem. in Opp'n at 2–4, ECF No. 30.) The parties filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not

aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). For the reasons that follow, Plaintiff's Motion to Transfer will be granted and Plaintiff's Motion to Dismiss in the alternative will be denied.

On September 1, 2021, while driving down the UAL-20 near the intersection of CR-400 in Lawrence County, Alabama, Eads allegedly failed to yield to a stop sign and crashed into Plaintiff's vehicle. (Compl. at ¶¶ 7–9, ECF No. 1.) Eads' co-worker, Amber Raschen, was allegedly a passenger in the vehicle during the collision. (Pl.'s Mem. in Supp. at 2.) At the time of the collision, Plaintiff alleges Eads was acting within the scope of his employment as an employee of Casey. (*Id.*) On April 13, 2022, Plaintiff filed a Complaint in the Eastern District of Virginia alleging negligence and reckless and wanton conduct resulting in the car accident from which Plaintiff sustained injuries. (Compl. at ¶¶ 12–32.) Eads filed an Answer on June 10, 2022, and Casey filed an Answer on June 30, 2022. (Eads Answer, ECF No. 12; Casey Answer, ECF No. 14.) On September 28, 2022, Plaintiff filed this Motion to Transfer to the Northern District of Alabama, pursuant to 28 U.S.C. § 1404(a). (Mot. at 1.)

Under § 1404, a district court may transfer any civil action to another district court in which the action could have originally been brought. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). That is, the transferee court must have jurisdiction and be a proper venue. *See id.* This rule's purpose is to protect litigants, witnesses, and the public from unnecessary expense and inconvenience. *See Van Deusen v. Barrack*, 376 U.S. 613, 616 (1964). District courts have broad discretion to evaluate transfer through "an

2

individualized, case-by-case consideration of convenience and fairness." *See Stewart Org., Inc. v. Rocoh Corp.*, 487 U.S. 22, 29 (1988).

Once a district court determines that the original action could have been brought in the transferee court, transferor courts within the United States Court of Appeals for the Fourth Circuit must conduct a balancing test to determine whether the transfer is permissible under Section 1404(a). *See Tr. of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *Pragmatus AC, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 994 (E.D. Va. 2011). This balancing test weighs four factors: (1) plaintiff's choice of forum; (2) witness convenience and access to sources of evidence; (3) convenience of the parties; and (4) the interest of justice. *Plumbing Servs., Inc.*, 791 F.3d at 444. The moving party bears the burden of proof to demonstrate that transfer is appropriate. *See Atl. Marine Constr. Co. v. United States*, 571 U.S. 49, 49 (2013). In the present case, there is no dispute as to whether the Northern District of Alabama has jurisdiction or is a proper venue in this lawsuit.[1] (Pl.'s Mem. in Supp. at 5.) Therefore, this Court must now weigh the four balancing factors to determine if transfer is appropriate.

The first factor, plaintiff's choice of forum, supports transfer. "The plaintiff's choice of forum 'is typically entitled to substantial weight, especially where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action.'" *See*

---

[1] The Northern District of Alabama can be a proper venue because the collision took place in Lawrence County, Alabama, which is within the Northern District of Alabama. Additionally, there is subject matter jurisdiction through complete diversity and the amount in controversy exceeds $75,000, creating diversity jurisdiction under 28 U.S.C. § 1332.

3

*Pragmatus*, 769 F. Supp. at 995 (citing *Heinz Kettler GmbH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010)). Plaintiff filed this Motion to transfer venue to the Northern District of Alabama, so Plaintiff's venue preference is clear. (Pl.'s Mem. in Supp. at 1.) Furthermore, Plaintiff is a resident of Lawrence County, Alabama, which is where the events at issue took place, making that forum both substantially related to the cause of action and where Plaintiff resides. (Pl.'s Mem. in Supp. at 5.) These factors provide weight to Plaintiff's venue preference of the Northern District of Alabama.

The second factor is the convenience of the venue for witnesses and access to other sources of evidence. *Plumbing Servs., Inc.*, 791 F.3d at 444. Particularly important is the convenience and willingness of nonparty witnesses to testify at the venue. *See Samsung Electronics Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) (citing *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 637 (E.D. Va. 2003)).

In the present case, the nonparty witnesses live in the Northern District of Alabama. (Pl.'s Mem. in Supp. at 6.) This includes responding officers, Trooper J. Seahorn and Trooper B. Counce, as well as other first responders like Plaintiff's physicians and healthcare workers. (*Id.*) Eads' passenger, Amber Raschen, also resides in Alabama. (Pl.'s Mem. in Supp. at 6.) The residence of Eads' supervisor, Larry Green, is not known to the Court, but he worked in Alabama at the time of the collision and likely resides in or close to Alabama. (*Id.*) These nonparty witnesses residing in Alabama bears heavily on the Northern District of Alabama being a more convenient venue than the Eastern District of Virginia. (Pl.'s Mem. in Supp. at 6–7.) Furthermore, this Court has no subpoena power to compel these nonparty witnesses to appear and

4

testify in the Eastern District of Virginia, as they live more than 100 miles outside of the district. *See* Fed. R. Civ. P. 45(c)(1)(A) (prohibiting subpoenas for a trial, hearing, or deposition for persons in districts over 100 miles from where a person resides, is employed, or regularly transacts business in person). Additionally, any documentary evidence relevant to the issue is likely in Alabama, where the collision took place. (Pl.'s Mem. in Supp. at 7.) This includes Plaintiff's medical records of post-accident treatment, the police report of the accident, and any police investigation records. (*Id.*) Therefore, with the exception of Eads' residence in Virginia, the evidence is primarily located within the Northern District of Alabama. Overall, this suggests that the Northern District of Alabama may be a more effective and convenient venue for the nonparty witnesses.

Third, the Court must consider whether the transferee venue is more convenient for the parties to the action. *Plumbing Servs., Inc.*, 791 F.3d at 444. Casey is incorporated in Oregon and its principal place of business is in Colorado. (Pl.'s Mem. in Supp. at 8.) However, the Casey jobsite that Eads was working on was in Alabama. (Casey's Mem. in Opp'n at 1.) This Court fails to see how Virginia is any more convenient to Casey than a venue in Alabama. Although Eads is domiciled in Virginia, he is a resident of Wythe County, Virginia. (Compl. at ¶ 3.) Wythe County is a great distance from Richmond, Virginia, so Richmond would not be a particularly convenient venue for him either. Because Eads has already retained counsel in Virginia and his counsel is not licensed in Alabama, nor are any attorneys at their firm, he may face some difficulty retaining counsel in Alabama. (Eads' Mem. in Opp'n at ¶ 4.) Additionally, the liability insurer who is providing Eads' counsel does not litigate regularly in Alabama, so

5

they do not have counsel in the state that could readily represent him. (*Id.* at 5–6.) While Plaintiff acknowledges that the Eastern District of Virginia may be convenient for Eads, Plaintiff also argues that it is inconvenient for not only himself, but prospective parties that may be added to the suit after discovery. (Pl.'s Mem. in Supp. at 8–9.) As stated above, both Plaintiff and Amber Raschen, a prospective party to the claim, are residents of the Northern District of Alabama. (*Id.* at 9.) Plaintiff also presumes that a possible prospective party, Larry Green, who worked in Alabama at the time of the collision, is a resident of Alabama. (*Id.*) If this is true, he may not be subject to the jurisdiction of the Eastern District of Virginia. (*Id.*) While less definitive than the other factors, there is still significant weight in favor of transfer when evaluating the convenience of the forum for the parties to this suit.

Finally, the Court must also consider the interest of justice in facilitating the transfer of this lawsuit to the Northern District of Alabama. *Plumbing Servs., Inc.*, 791 F.3d at 444. This factor "encompasses public interest factors aimed at systemic integrity and fairness, the most prominent elements of which are judicial economy and the avoidance of inconsistent judgments." *Jaffe v. LSI Corp.*, 874 F. Supp. 2d 499, 505 (E.D. Va. 2012) (citations omitted). Fairness may also include an evaluation of docket congestion, interest in local disputes being resolved at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law. *Id.* The Supreme Court acknowledges that "[t]here is a local interest of having localized controversies decided at home." *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947).

The event at issue took place entirely in the state of Alabama and the alleged injuries were suffered exclusively by a citizen of Alabama. (Compl. at ¶ 1.) Other Alabama residents have an interest in evaluating how businesses and employees of those businesses conduct themselves while working in Alabama. Likewise, a car collision that occurred hundreds of miles away pertains less to the citizens of Virginia. Furthermore, Virginia residents should not be subjected to serve as jurors on a matter that does not implicate them or members of their community.

Additionally, courts have held that allowing suits where the Plaintiff has no significant ties does not serve justice, but rather "result[s] in docket overloads, unfairly slowing the cases for parties with genuine connections to this district." *See Pragmatus*, 769 F. Supp 2d at 997. Because this case has very few ties to the Eastern District of Virginia, allowing it to proceed in this venue would undermine concerns for justice. Furthermore, in a multi-state tort action, the Commonwealth of Virginia applies "the law of the place of the wrong." *McMillan v. McMillan*, 253 S.E.2d 662, 663 (Va. 1979). Because the accident occurred in Alabama, Alabama law would apply. Alabama courts are more familiar with Alabama law than Virginia courts, so justice would be better served if this case were transferred.

After weighing the above-listed factors, this Court finds it appropriate to transfer this case to the Northern District of Alabama, pursuant to § 1404(a). Accordingly, the Court grants Plaintiff's Motion to Transfer this case to the Northern District of Alabama. Because this case is being transferred, the Plaintiff's alternative Motion to Dismiss without prejudice is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 25, 2022
Richmond, Virginia

8